CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 05, 2026
LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOAN ZIGLAR,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | |
| **BRIAN LAMONT TEAGUE,** | ) | **Case No.:** 7:25-cv-625 |
| **and** | ) | |
| **JHOC, INC.,**<br>**dba PREMIER TRANSPORTATION** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, JOAN ZIGLAR ("Plaintiff Ziglar"), by counsel, moves the Court for judgment against defendants BRIAN LAMONT TEAGUE ("defendant Teague") and JHOC, INC. dba PREMIER TRANSPORTATION ("defendant JHOC, Inc."), jointly and severally, and in support thereof, alleges as follows:

1. This is a civil action for compensatory damages pursuant to the law of the Commonwealth of Virginia.

2. This action arises out of a crash involving a vehicle, in which the plaintiff was the driver. This vehicle was caused to collide with a commercial tractor-trailer combination rig operated in interstate commerce by a professional truck driver, defendant Brian Lamont Teague, while driving for and under the control of defendant JHOC, Inc.

## PARTIES

3. The plaintiff in this action is a citizen of the Commonwealth of Virginia.

4. Defendant Teague is a citizen of the State of North Carolina.

5. Defendant JHOC, Inc., is incorporated under the laws of the State of Georgia and maintains its principal office at 323 Cash Memorial Blvd., Forest Park, Georgia 30297-2667.

6. Defendant JHOC, Inc., is a "motor carrier" as defined by 49 CFR 392.1. The U.S. DOT registration number for Defendant JHOC, Inc. is 282577. Pursuant to 49 CFR 392.1, Defendant JHOC, Inc. and Defendant Teague, were, at all times relevant to this complaint, required to comply with applicable safety regulations contained in 49 CFR Part 390, including safety regulations pertaining to management, maintenance, operation, or driving of commercial vehicles, and the hiring, supervision, training, assigning, and dispatching of drivers.

7. Defendant JHOC, Inc., was the employer and/or principal and/or dispatcher and/or supervisor of Defendant Teague. At all times relevant to the matters alleged herein, Defendant JHOC, Inc. exerted control over Defendant Teague's work on its behalf, including on the day of the subject crash. Defendant Teague was acting in the course and scope of his employment and/or agency of Defendant JHOC, Inc. at the time of the subject crash that inflicted serious and permanent injuries on the Plaintiff.

## JURISDICTION AND VENUE

8. This Court has original diversity jurisdiction over this action under 28 U.S.C. §1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and; Plaintiff is a citizen of the

Commonwealth of Virginia. Defendant Teague is a citizen of North Carolina, and Defendant JHOC, Inc. is incorporated and has its principal place of business in the State of Georgia. Accordingly, the controversy is between citizens of different States.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the negligence by Defendants occurred in the County of Henry, Virginia, resulting in the crash and the injuries complained of herein.

## FACTUAL ALLEGATIONS

10. On September 13, 2024, at approximately 2:38 PM, Defendant Teague, the professional operator of a commercial motor vehicle (18-wheeler), was traveling northbound in the left travel lane on Greensboro Road in Henry County, Virginia.

11. At the approximate same time and approximate place aforesaid, Plaintiff Ziglar was operating her vehicle, traveling northbound in the right travel lane on Greensboro Road in Henry County, Virginia.

12. Defendant Teague, did then and there so carelessly, recklessly, and negligently operate his commercial motor vehicle so as to maneuver it from the left northbound travel lane to the right northbound travel lane, slamming the large commercial motor vehicle directly into Plaintiff Ziglar's vehicle traveling in the right lane, without regard to Plaintiff Ziglar's vehicle.

13. At the time and place aforesaid, Defendant Teague owed a duty to exercise reasonable care under the circumstances in accordance with standards applicable to a commercial driver of tractor-trailers for a commercial motor vehicle carrier.

14. Defendant Teague was negligent in that he failed to maintain proper control of his commercial motor vehicle, failed to keep a proper lookout, failed to maintain proper space management for the tractor-trailer combination, and failed to exercise reasonable care under the circumstances as a commercial motor vehicle operator then and there existing.

15. As a proximate result of defendant Teague's careless, reckless, and negligent conduct, the passenger motor vehicle operated by Joan Ziglar, was violently impacted by the right side of the tractor-trailer operated by Defendant Teague, and the Plaintiff suffered serious and permanent injuries.

16. Defendant JHOC, Inc. was the employer of Defendant Teague on the day of the subject crash.

17. Defendant Teague was the agent of Defendant JHOC, Inc. on the day of the subject crash.

18. Defendant JHOC, Inc. was the dispatcher of Defendant Teague on the day of the subject crash.

19. Defendant JHOC, Inc. was the supervisor of Defendant Teague on the day of the subject crash.

20. At the time and place aforesaid, Defendant Teague was acting within the course and scope of his employment with Defendant JHOC, Inc.

21. At the time and place aforesaid, Defendant Teague was acting within the scope of his agency with Defendant JHOC, Inc.

22. At the time and place aforesaid, Defendant Teague was acting within the scope of his dispatch by Defendant JHOC, Inc..

23. At the time and place aforesaid, Defendant Teague was acting pursuant to supervision by Defendant JHOC, Inc.

24. At all times relevant to the matters alleged herein, Defendant JHOC, Inc. exerted control over Defendant Teague's work on its behalf, including on the day of the subject crash.

25. As a direct and proximate result of the negligence of Defendant Teague, of which Defendant JHOC, Inc. is vicariously liable, Plaintiff suffered severe and permanent injuries.

26. As a direct and proximate result of the joint and several negligence of the Defendants Teague and JHOC, Inc., Plaintiff Joan Ziglar was caused to sustain serious and disabling permanent injuries. She was caused to suffer physical pain, discomfort, and mental anguish, and these will continue into the future. She suffered emotional distress as a natural result of the fright and shock she experienced from the trauma resulting from being the victim of, and experiencing the horror of, the sudden crash with a tractor-trailer, and these will continue in the future. She has suffered permanently disabling physical injuries, disfigurement and/or deformity, humiliation and/or embarrassment, inconvenience and this will continue into the future. She has incurred substantial expenses for doctors and related medical and rehabilitative care, and in the future will continue to incur such expenses in an effort to address the injuries. She was caused to miss time and lose earnings from her work, employment and chosen occupation. She has been caused to be unable, or is reduced in her ability, to perform significant activities of daily living and enjoyment, or to fully enjoy the normal activities of life, and will continue to be unable or restricted in the performance of such activities in the future.

## PRAYER FOR RELIEF

27. **WHEREFORE**, plaintiff **JOAN ZIGLAR** prays for judgment, jointly and severally, against defendants **BRIAN LAMONT TEAGUE** and **JHOC, INC. dba PREMIER TRANSPORTATION**, in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** in compensatory damages, pre- and post-judgment interest, and her costs in her behalf expended.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted**,**
JOAN ZIGLAR

By: /s/ Stephen C. Huff
Of Counsel

Stephen C. Huff, Esquire (VSB # 92301)
**CRANDALL & KATT**
Attorneys and Counselors at Law
366 Elm Avenue, S.W.
Roanoke, Virginia 24016
Telephone: (540) 342-2000
Facsimile: (540) 345-3527
shuff@crandalllaw.com

Counsel for the Plaintiff